IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CLINTON VINCENT, #A0156151, | ) ) ) | CIVIL NO. 07-00161 DAE-LEK |
| Petitioner, | ) ) ) | **ORDER DISMISSING PETITION** |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

<u>**ORDER DISMISSING PETITION**</u>

On March 23, 2007, *pro se* Petitioner Clinton Vincent  filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Vincent names the State of Hawaii as Respondent to the Petition.  For the following reasons, the Court DISMISSES the Petition with leave granted to amend.

**BACKGROUND**[1]

On November 26, 2003, the Circuit Court of the First Circuit ("circuit court") entered judgment in Vincent's criminal proceeding.  Vincent was found guilty by jury trial of abuse of a family or household member, in violation of Hawaii Revised Statutes ("Haw. Rev. Stat.") § 709-906 (Supp. 1999) (Count I);

---

[1] The facts herein are taken from the Petition and from *State v. Vincent*, No. 26255,  129 P.3d 1196, 2006 WL 473742 *unpub.* (Haw. Ct. App., Feb. 27, 2006).

violation of an order for protection, in violation of Haw. Rev. Stat. §§ 586-5.5

(Supp.1998) and 586-11 (Supp. 1999) (Counts II and III); assault in the second

degree, in violation of Haw. Rev. Stat. § 707-711(1)(d) (1993) (Count IV);

attempted assault in the first degree, in violation of Haw. Rev. Stat. §§ 705-500 and

707-710 (1993) (Count V); kidnapping, in violation of Haw. Rev. Stat.

§ 707-720(d) or (e)(1993) (Count VI); and assault against a police officer, in

violation of Haw. Rev. Stat. § 707-712.5(1)(a)(1993) (Count VII).  The circuit

court sentenced Vincent to concurrent terms of imprisonment of twenty years on

Count VI, ten years on Count V, five years on Count IV, and one year on each of

Counts I, II, III, and VII.

On February 27, 2006, the Intermediate Court of Appeals of Hawai'i

("ICA") affirmed Vincent's conviction.  *See State v. Vincent*, No. 26255, 129 P.3d

1196, 2006 WL 473742 *unpub.* (Haw. Ct. App., Feb. 27, 2006).  On appeal,

Vincent argued that the circuit court erred in: 1) admitting Vincent's statements

that he did not want to go back to jail, made during his assault and kidnapping of

the complaining witness, pursuant to Rules 404(b) and 403 of the Hawaii Rules of

Evidence; 2) refusing to declare a mistrial based on questions relating to domestic

violence that the Deputy Prosecuting Attorney ("DPA") asked during jury

selection; and 3) refusing to declare a mistrial when the DPA, in his opening

2

statement and without a prior voluntariness hearing, referred to Vincent telling the police that he "did not want to go back to jail" during hostage negotiations.  *State v. Vincent*, 2006 WL 473742 * 1.

In the Petition, Vincent states that he sought discretionary review, presumably an application for certiorari, of the ICA's ruling with the Hawaii Supreme Court.[2]  Vincent does not give the date that the Hawaii Supreme Court ruled on his application.

Vincent raises four grounds for relief in the Petition.  First, Vincent alleges that the prosecutor "intentionally and deliberately introduced false-evidence of photographs of a (blood stained shirt) wrongly misleading the court and jurors." (Pet. at A, Ground one.)  This claim does not appear to have been raised to or addressed by the ICA on direct appeal.

Second, Vincent claims that the prosecutor "withheld/suppressed

_____

[2] On June 23, 2006, Vincent filed a similar petition in federal court.  *See Vincent v. State of Hawaii*, Civ. No. 06-00322 JMS.  In that petition, Vincent stated that he had appealed to the Hawaii Supreme Court on February 26, 2006, the same date that the ICA issued it's opinion affirming his conviction.  He also stated that he sought certiorari with the United States Supreme Court.  Vincent does not make these claims in the present petition.  Further, in the prior petition Vincent also failed to name a proper respondent, was notified of this problem by the court, and then failed to ever amend the petition.  Civil No. 06-00322 was terminated on October 6, 2006, for Vincent's failure to amend the petition to name a proper respondent.

3

exculpatory evidence of (color photograph) of victims (white brassier) (sic) having (NO BLOOD STAINS) any where on the victims brassier (sic)!" (Pet. at B, Ground two.)  Although Vincent claims that the *prosecutor* allegedly withheld this evidence, he argues that his own counsel refused to introduce this photograph, and that, therefore, he had ineffective assistance of counsel.  This claim does not appear to have been raised to or addressed by the ICA on direct appeal.

Third, Vincent claims that his attorney refused to subpoena the female police officer present at his arrest to adduce her "highly valueable (sic) testimony." (Pet. at C, Ground three.)  In support of this claim, however, Vincent blames the *prosecutor*, and not his own attorney for the failure to subpoena this allegedly favorable witness.  This claim does not appear to have been raised to or addressed by the ICA on direct appeal.

Fourth, Vincent claims that the prosecutor elicited perjured testimony from two officers, and that his defense attorney failed to object or introduce other evidence. (Pet. at D, Ground four.)  This claim does not appear to have been raised to or addressed by the ICA on direct appeal.

## DISCUSSION

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see Rose v. Hodges*, 423 U.S. 19, 21 (1975). Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, allows the district court to dismiss a petition summarily "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983).

I.  The Petition Appears Unexhausted.

The exhaustion of available state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  A petitioner must exhaust all adequate and available state court judicial remedies by presenting to the highest state court a fair opportunity to rule on the merits of each and every issue sought to be raised in the federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  If available State remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  Unless the avenue of relief is mandated

by state law, a petitioner may present his claim either on direct appeal or in state collateral proceedings. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).

Moreover, a petitioner must present his claims to the highest state court, to give that court a fair opportunity to rule on the merits of *each and every issue* sought to be raised in the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1201-02 (9th Cir. 2005). A petitioner may present his claims either on direct appeal or in state collateral proceedings. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). A petitioner must also alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). To do so, the petitioner must make the federal basis of his or her claim explicit either by referencing specific provisions of the federal constitution or statutes, or by citing to federal case law. *See Lyons*, 232 F.3d at 668, 670.

A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available State remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995), 360 (9th Cir. 1994); Rule 2(a) of the Rules

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Although Vincent claims that he appealed the ICA's decision affirming his conviction to the Hawai'i Supreme Court, he fails to give the date of the Hawai'i Supreme Court's decision. He never responded to the court's order directing amendment of his earlier petition, which also asked for clarification of this point. [3] As Vincent is required to bring his claims to the highest state court with jurisdiction to hear them, and he has failed twice to alert this court of the date that the Hawai'i Supreme Court affirmed the ICA's decision, it appears that his Petition is unexhausted.

Moreover, it appears that the claims that Vincent raises in the present Petition were never raised before the ICA on direct appeal, much less to the Hawai'i Supreme Court. A review of the ICA's decision reveals that Vincent did not raise the four claims in this Petition on direct appeal. Additionally, the claims Vincent raised on direct appeal appear to have been brought solely under state law, raised no federal claims, and could not have put the state court on notice that he

---

[3] Vincent had the right to file an application for writ of certiorari in the Hawai'i Supreme Court "no later than 30 days" after the ICA affirmed his conviction. Haw. R. App. P. 40.1(a). Review by the Hawai'i Supreme Court is entirely discretionary. Haw. R. App. P. 40.1(b).

was also raising any federal issues.  Vincent's claims, therefore, also appear

unexhausted for having failed to fairly present them as federal issues to the state

court.

It is possible that Vincent has, in fact, raised and exhausted the claims he

presents in this Petition as federal claims in a state post-conviction petition

pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure, all the way through

discretionary review by the Hawai'i Supreme Court, although he does not alert the

court to this possibility.  Nor is any post-conviction proceeding apparent on the

Hawaii state judiciary public database relating to Vincent's conviction.  As such,

Vincent is given leave to amend this Petition to show that he has, in fact, raised

each issue presented in this Petition as federal claims before the highest state court

with jurisdiction to hear such claims.

## II.   Improper Respondent

As he did in his first federal petition, Vincent again names the State of

Hawaii as Respondent to the Petition.  A petitioner seeking a writ of habeas corpus

under Section 2254 must name the state officer having custody of him or her as the

respondent to the petition.  *See Stanley v. California Supreme Court*, 21 F.3d 359,

360 (9th Cir. 1994); Rule 2(a) 28 U.S.C. foll. § 2254.  The correct respondent will

normally be the warden of the facility in which the petitioner is incarcerated, or the

chief officer in charge of state penal institutions.  *See id.* (citing *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)).  A petitioner's failure to name the custodian of his place of confinement as respondent deprives courts of personal jurisdiction.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).  The State of Hawaii is not the warden of the Tallahatchie County Correctional Facility, where Vincent is currently incarcerated, and is not a proper respondent to the Petition.  The court requires strict compliance with these rules, and the Petition must be dismissed on this basis.

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1.  Vincent's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for failure to name a proper respondent to the Petition.

2.  It further appears that the Petition is unexhausted, for Vincent's failure to appeal his conviction to the Hawai'i Supreme Court on discretionary review; raise all of the claims in this Petition to the highest state court; or to fairly present his claims on appeal as federal issues.

3.  Vincent is GRANTED until **May 9, 2007,** to file an amended petition naming a proper respondent and providing documentation, or at least the dates

showing that he has fully exhausted his state judicial remedies.  The amended petition must be on this court's forms and must also name a correct respondent, as detailed in this Order.  Pursuant to Local Rule 10.3, the amended petition must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  The amended petition must be labeled "Amended Petition" and must bear the docket number assigned this case.  Failure to file an Amended Petition on or before **May 9, 2007,** will result in the AUTOMATIC DISMISSAL of this action without prejudice.

4.     The Clerk is DIRECTED to send Vincent the court's forms for filing a petition pursuant to 28 U.S.C. § 2254, so that he may adequately amend his Petition according to the directions of this Order.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, April 9, 2007.



_____
David Alan Ezra
United States District Judge

*Vincent v. State of Hawaii*, Civ.No. 07-00161 DAE-LEK, Order Dismissing Petition\ dmp\habeas 07\ Vincent 07-161 (imp. resp.)